UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

SEAN CRAWFORD,
1604 Acorn Court
Menasha, Wisconsin 54952

Plaintiff,

Case No: 26-cv-1970

v.

**JURY TRIAL DEMANDED**

AHLSTROM NA SPECIALTY SOLUTIONS LLC
11 Canal Bank Road
Windsor Locks, Connecticut 06096

Defendant

---

**COMPLAINT**

---

COMES NOW Plaintiff, Sean Crawford, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, Ahlstrom NA Specialty Solutions LLC, alleges and shows to the court as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Sean Crawford, is an adult male resident of the State of Wisconsin residing in Racine County with a post office address of 1604 Acorn Court, Menasha, Wisconsin 54952.

4. Defendant, Ahlstrom NA Specialty Solutions LLC, is an entity doing business in the State of Wisconsin with a principal office address of 11 Canal Bank Road, Windsor Locks, Connecticut 06096.

5. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site in the State of Wisconsin.

6. During Plaintiff's employment with Defendant, Defendant was a covered employer for purposes of the FMLA.

7. At the time of Plaintiff's FMLA leave requests, Plaintiff was employed at Defendants for twelve (12) months and had worked at least 1,250 hours during those twelve (12) months.

8. At the time of Plaintiff's FMLA leave requests, Plaintiff had not exceeded the amount of FMLA leave for any FMLA leave entitlement period.

9. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

10. Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

11. In approximately October 2023, Defendant hired Plaintiff as a non-exempt, hourly-paid employee in the position of Utility Operator.

12. During Plaintiff's employment with Defendant, Plaintiff suffered from multiple, serious health conditions, including Insomnia and Sleep Disorder.

13. During Plaintiff's employment with Defendant, Plaintiff's serious health condition(s) required at least two (2) appointments and continuing treatment visits with, and supervision by, his health care provider(s) and/or treating physicians.

14. During Plaintiff's employment with Defendant, Plaintiff complied with Defendant's notice policies and practices regarding requesting FMLA leave and/or informing Defendant of his FMLA leave use for his serious health condition(s).

15. Beginning in approximately April 2025 or May 2025, Plaintiff began experiencing intermittent workplace absences at Defendant because of his serious health condition(s).

16. As of approximately May 2025, Defendant was aware that Plaintiff was experiencing or suffering from a physical health condition that could have qualified as a serious health condition for purposes of the FMLA.

17. As of approximately May 2025, Defendant was aware that Plaintiff was requesting FMLA leave and/or informing Defendant of his desired or anticipated FMLA leave use because of his serious health condition.

18. During Plaintiff's employment with Defendant, Defendant approved Plaintiff's intermittent FMLA leave request because of his own serious health condition(s).

19. During Plaintiff's employment with Defendant, Defendant approved Plaintiff's intermittent FMLA leave request because of his own serious health condition(s) from approximately April 30, 2025, to November 30, 2025, for "…the duration/frequency of 3 times every month for 1 day."

20. During Plaintiff's employment with Defendant, and on or about May 9, 2025; May 10, 2025; and May 15, 2025, Plaintiff was absent from work at Defendant because of his serious health condition.

21. On or about July 11, 2025, Defendant issued Plaintiff a Final Written Warning because of Plaintiff's absences from work at Defendant on or about May 9, 2025; May 10, 2025; and May 15, 2025, because of his serious health condition.

22. During Plaintiff's employment with Defendant, Plaintiff's absences on or about May 9, 2025; May 10, 2025; and May 11, 2025, were FMLA-leave approved by Defendant.

23. During Plaintiff's employment with Defendant, and on or about September 30, 2025, Plaintiff was absent from work at Defendant because of his serious health condition.

24. During Plaintiff's employment with Defendant, Defendant issued Plaintiff disciplinary points pursuant to its Attendance Policy because of Plaintiff's absence from work at Defendant on or about September 30, 2025, because of his serious health condition.

25. During Plaintiff's employment with Defendant, Plaintiff's absence on or about September 30, 2025, was FMLA-leave approved by Defendant.

26. During Plaintiff's employment with Defendant, and on or about October 2, 2025, Plaintiff was absent from work at Defendant because of his serious health condition.

27. During Plaintiff's employment with Defendant, Defendant issued Plaintiff disciplinary points pursuant to its Attendance Policy because of Plaintiff's absence from work at Defendant on or about October 2, 2025, because of his serious health condition.

28. During Plaintiff's employment with Defendant, Plaintiff's absence on or about October 2, 2025, was FMLA-leave approved by Defendant.

29. On or about October 6, 2025, Defendant terminated Plaintiff's employment based on discipline and/or absences from work because of his serious health condition and/or that were otherwise FMLA-leave approved by Defendant.

**FIRST CAUSE OF ACTION – FMLA INTERFERENCE**

30. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

31. Defendant intentionally interfered with Plaintiff's rights by discipling him and terminating his employment for using, attempting to use, and/or in order to prevent him from using FMLA-protected leave, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 et seq.

32. As a result of Defendant's intentional FMLA violations, Plaintiff has suffered damages in the form of lost wages, employment benefits and insurance, and compensatory damages.

**SECOND CAUSE OF ACTION – FMLA RETALIATION**

33. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

34. Defendant retaliated against Plaintiff by disciplining him and terminating his employment for using and/or attempting to use FMLA protected leave, and in order to prevent Plaintiff from using prospective FMLA protected leave, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 et seq.

35. As a result of Defendant's intentional FMLA retaliation, Plaintiff has suffered damages in the form of lost wages and other employment benefits and insurance.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, compensatory damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;
2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and
3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 23rd day of October, 2026

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ ***Scott S. Luzi***

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
1200 N. Mayfair Road, Suite 270
Wauwatosa, Wisconsin 53226
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com